## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

COLLEEN MACORT et al.,

    Plaintiffs,

vs.                                            CASE NO. 8:03-CV-1710-T-17MSS

PREM INC., a Florida corporation,
d/b/a BUDGET INN OF SARASOTA,

    Defendant.
_____/

## ORDER

    This cause is before the Court on Defendant PREM INC., a Florida corporation, d/b/a BUDGET INN OF SARASOTA's, ("Budget Inn"), Motion for Disqualification (Dkt. 66) filed May 10, 2005, and response thereto.  (Dkt. 72).

## PROCEDURAL HISTORY

    Defendant, Budget Inn, filed a Motion to Vacate/Set Aside Final Order (Dkt. 27) and a Renewed Motion for Fees and Costs/Sanctions (Dkt. 28) on May 26, 2004.  Plaintiffs, Colleen Macort and Access Now Inc., filed a Response and Memorandum in Opposition to Defendant's Motion to Vacate/Set Aside Final Order (Dkt. 29) on June 2, 2004.  Plaintiffs then filed a Memorandum In Opposition to Defendant's Renewed Motion for Fees and Costs/Sanctions (Dkt. 31) on June 14, 2004.  On June 21, 2004, Defendant filed a Response In Opposition to Plaintiffs' Memorandum In Opposition to Defendant's Renewed Motion For Fees and Costs/Sanctions. (Dkt. 34).  On June 28, 2004, Plaintiffs filed a Motion with Memorandum of Law to Strike Defendant's Response In Opposition to Plaintiffs' Memorandum In Opposition to Defendant's Renewed Motion For Fees and Costs/Sanctions.  (Dkt. 36).  This Court entered an order granting Plaintiffs' Motion to Strike Defendant's Response In Opposition to Plaintiffs' Memorandum In

Case No. 8:03-CV-1710-T-17MSS

Opposition to Defendant's Renewed Motion For Fees and Costs/Sanctions on July 7, 2004. (Dkt. 37). Defendant filed an Emergency Motion For Reconsideration (Dkt. 40) on July 26, 2004, and Plaintiffs filed a Response In Opposition to Defendants Emergency Motion For Reconsideration (Dkt. 41) on August 4, 2004. This Court entered an Order Denying Defendant's Emergency Motion For Reconsideration (Dkt. 42) on August 5, 2004.

This Court then entered and Order Denying Defendant's Motion to Vacate/Set Aside Final Order (Dkt. 27) and its Renewed Motion For Fees and Costs/Sanctions (Dkt. 28) on September 16, 2004. (Dkt. 43). Defendant filed a Notice of Appeal as to the Order Denying Defendant's Motion to Vacate/Set Aside Final Order and Renewed Motion For Fees and Costs/Sanctions (Dkt. 44) on September 24, 2004. On September 30, 2004, Plaintiffs filed a Motion For Attorney's Fees and Costs. (Dkt. 46). On November 3, 2004, this Court entered an Order Denying Plaintiffs Motion For Attorney's Fees and Costs. (Dkt. 53). On April 29, 2005, the Eleventh Circuit Court of Appeals reversed in part this Court's decision on Budget Inn's Motion For Sanction and Fees, and, Motion to Vacate/Set Aside Final Judgment, and remanded this case for further proceedings. The Defendant seeks to remove the undersigned from further proceedings in this case.

## STANDARD OF REVIEW

Title 28 U.S.C. § 455 provides the standard which a justice, judge, or magistrate must disqualify himself or herself. Section 455(a) states "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The Eleventh Circuit discussed the standard for determining whether a judge should disqualify himself under Section 455 in *U.S. v. Greenough*, 1986 U.S. App. Lexis 26534. "The standard is an objective one, whether a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned. Citing *Hepperle v. Johnston,* 590 F.2d 609, 614 (5th Cir. 1979). Section 455 does not require the judge to accept all allegations by the moving party as true. If a party could force recusal of a judge by factual allegations, the

Case No. 8:03-CV-1710-T-17MSS

result would be a virtual 'open season' for recusal.'" *Greenough* at 3. *Citing Phillips v. Joint Legislative Com.*, 637 F.2d 1014 (5th Cir. 1981).

Under § 455(a) an actual demonstrated prejudice need not exist in order for a judge to recuse himself: "disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *U.S. v. Alabama,* 828 F.2d 1532, 1541 (11th Cir. 1987).

### DISCUSSION

The United States Supreme Court has stated that "judicial rulings alone almost never constitute valid basis for bias or partiality motion, as judicial rulings (1) cannot possibly show reliance upon extrajudicial source, (2) can only in rarest circumstances evidence required degree of favoritism or antagonism when no extrajudicial source is involved, and (3) almost invariably, are proper grounds for appeal, not for recusal; opinions formed by judge on basis of facts introduced or evidence occurring in course of current proceedings or of prior proceedings do not constitute basis for bias or partiality motion unless such opinions display deep-seated favoritism or antagonism that would make fair judgment impossible; thus, judicial remarks during course of trial that are critical or disapproving of, or even hostile to, counsel, parties, or their cases, ordinarily do not support bias or partiality challenge, but such remarks (1) may do so if they reveal opinion that derives from extrajudicial source, and (2) will do so if they reveal such high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v United States,* 510 US 540, 555 (1994).

The Defendant seeks to disqualify the presiding District Judge in this proceeding, asserting that under the circumstances, a reasonable person would be convinced that the District Judge's impartiality might be questioned as to awarding Budget Inn fees or costs upon remand. Budget Inn's unfounded fear of future impartiality, are based on this Court's statement that, "the parties in this case should each bear their own costs," in its order denying Plaintiffs motion for attorney's fees and costs, and response thereto. (Dkt. 53). In paragraph 8 of Defendant's Motion to Disqualify, Defendant asserts that this Court has already indicated its ruling.

Case No. 8:03-CV-1710-T-17MSS

Upon closer review of this Court's order denying Plaintiffs motion for attorney's fees and costs and response thereto (Dkt. 53), it is readily apparent that this Court ruled only on Plaintiff's motion, and not Defendant's motions pending appeal. The statement made was only an indication of how this Court may rule in the future; it was not a determination of Defendant's motions. Since Defendant has stated no other grounds for the District Judge to disqualify herself pursuant to Section 455, except the statement made in the order denying Plaintiffs motion for fees and costs, and response thereto, disqualification of the District Judge presiding in this proceeding is improper. Accordingly, it is

**ORDERED** that the Defendant's Motion for Disqualification (Dkt. 66) be **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, on this 24th day of June, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record