**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


COLEEN MACORT, et al.,

      Plaintiffs,

vs.                                 CASE NO. 8:03-CV-1710-T-17MSS

PREM INC., a Florida corporation,
d/b/a BUDGET INN OF SARASOTA,

      Defendant.

_____/

**ORDER**

This cause is before the Court on: Plaintiffs', Notice/Motion For Dismissal With Prejudice (Dkt. 25); Defendant, PREM INC., a Florida corporation, d/b/a BUDGET INN OF SARASOTA's, ("Budget Inn"), Response To Plaintiffs' Notice/Motion For Dismissal With Prejudice (Dkt. 71); and Plaintiffs Reply Thereto (Dkt. 77).

**PROCEDURAL HISTORY**

On August 12, 2003, Plaintiffs', filed a complaint (Dkt. 1) alleging Budget Inn discriminated against.  Budget Inn then filed its Answer and Affirmative Defenses (Dkt. 10) on October 10, 2003.  After completion of discovery, Budget Inn then filed a Motion For Attorney Fees and Sanctions (Dkt. 18) on May 12, 2004.  Plaintiffs then filed their Notice/Motion For Dismissal With Prejudice (Dkt. 25) on May 20, 2004.  This Court granted Plaintiffs' motion and entered its Order (Dkt. 26) on May 24, 2004, and Budget Inn renewed its Motion For Attorney Fees and Sanctions (Dkt. 28) on May 26, 2004

Budget Inn, filed a Motion to Vacate/Set Aside Final Order (Dkt. 27) and a Renewed Motion for Fees and Costs/Sanctions (Dkt. 28) on May 26, 2004.  Plaintiffs filed a Response and Memorandum in Opposition to Defendant's Motion to Vacate/Set Aside Final Order (Dkt. 29) on June 2, 2004.  Plaintiffs then filed a Memorandum In Opposition to Defendant's Renewed

CASE NO. 8:03-CV-1710-T-17MSS

Motion for Fees and Costs/Sanctions (Dkt. 31) on June 14, 2004.  On June 21, 2004, Defendant

filed a Response In Opposition to Plaintiffs' Memorandum In Opposition to Defendant's

Renewed Motion For Fees and Costs/Sanctions.  (Dkt. 34).  On June 28, 2004, Plaintiffs filed a

Motion with Memorandum of Law to Strike Defendant's Response In Opposition to Plaintiffs'

Memorandum In Opposition to Defendant's Renewed Motion For Fees and Costs/Sanctions.

(Dkt. 36).  This Court entered an order granting Plaintiffs' Motion to Strike Defendant's

Response In Opposition to Plaintiffs' Memorandum In Opposition to Defendant's Renewed

Motion For Fees and Costs/Sanctions on July 7, 2004.  (Dkt. 37).  Defendant filed an Emergency

Motion For Reconsideration (Dkt. 40) on July 26, 2004, and Plaintiffs filed a Response In

Opposition to Defendants Emergency Motion For Reconsideration (Dkt. 41) on August 4, 2004.

This Court entered an Order Denying Defendant's Emergency Motion For Reconsideration (Dkt.

42) on August 5, 2004.

   Budget Inn filed an appeal with the Eleventh Circuit (Dkt. 44) on this Court's order

denying its Motions to Vacate (Dkt. 27) and For Attorney Fees and Sanctions.  (Dkt. 28).  The

Eleventh Circuit affirmed (Dkt. 63), in part, this Court's order denying attorney fees or sanctions

pursuant to Rule 11 of the Federal Rules of Civil Procedure, and reversed, in part, the Court's

order denying Budget Inn's Motion to Vacate (Dkt. 27) and Motion for Attorney Fees/Sanctions

(Dkt. 28), ordering this Court to allow Budget Inn to file a response to Plaintiffs' motion for

dismissal, and to address Budget Inn's motion for fees/sanction based on Fla. R. Prof'l Conduct

R. 4-1.8 and 28. U.S.C. § 1927.

## STANDARD OF REVIEW

   Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action shall not be

dismissed at the plaintiff's instance save upon order of the court and upon such terms and

conditions as the court deems proper."  When considering this motion, "the Court is vested with

great discretion.  The Court must exercise its discretion with due regard to the legitimate

interests of both parties. A plaintiff's motion, under Rule 41(a)(2), should not be denied absent

CASE NO. 8:03-CV-1710-T-17MSS

substantial prejudice to the defendant." *San Marco v. City of St. Petersburg*, 185 F.R.D. 679 (M.D. Fla 1999).

"A voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result.  The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal. In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255-1256 (11th Cir. 2001).

## DISCUSSION

Upon remand from the Eleventh Circuit, this Court has reviewed Plaintiffs' Motion For Dismissal With Prejudice (Dkt. 25), Defendant's Response thereto (Dkt. 71), and Plaintiffs' Reply thereto (Dkt. 77).  In Budget Inn's response to Plaintiff's Motion to Dismiss, Defendant elaborated grounds for which this Court could impose sanctions upon Plaintiffs.  Budget Inn stated no reasons why this Court should not grant dismissal of the case with prejudice.  The granting of Plaintiffs' motion with prejudice will not substantially prejudice the Defendant since Plaintiffs are barred from refiling suit.  As noted by the Eleventh Circuit in its opinion (Dkt. 63) on page 12, this Court still retains jurisdiction to decide collateral issues, such as Budget Inn's motions for fees/sanction based on Fla. R. Prof'l Conduct R. 4-1.8 and 28 U.S.C. § 1927, which are still pending with this Court.  Accordingly, it is

CASE NO. 8:03-CV-1710-T-17MSS

**ORDERED** that the Plaintiffs' Notice/Motion For Dismissal With Prejudice (Dkt. 25) be **GRANTED**, the clerk of court shall close this case and the Court retains jurisdiction over the issue of fees and costs.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 29th day of June, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record