# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

COLEEN MACORT et. al.,

    Plaintiffs,

vs.                                                         CASE NO. 8:03-CV-1710-T-17MSS

PREM INC., a Florida corporation,
d/b/a BUDGET INN OF SARASOTA,

    Defendant.

_____/

## ORDER

       This cause is before the Court on: Defendant, PREM INC., a Florida corporation, d/b/a BUDGET INN OF SARASOTA's, ("Budget Inn"), Motion For Fees/Sanctions (Dkt. 18); Renewed Motion For Fees and Costs/Sanctions (Dkt. 28); and Plaintiffs' Responses thereto. (Dkts. 71 & 73).

## PROCEDURAL HISTORY

       Defendant, Budget Inn, filed a Motion to Vacate/Set Aside Final Order (Dkt. 27) and a Renewed Motion for Fees and Costs/Sanctions (Dkt. 28) on May 26, 2004, after this Court entered an order (Dkt. 26) denying Budget Inn's motion. Budget Inn filed an appeal (Dkt. 44) with the Eleventh Circuit on September 24, 2004. The Eleventh Circuit affirmed, in part, and reversed, in part, remanding the issue of Budget Inn's Motion For Fees and Costs/Sanctions for reconsideration on its claims based on Fla. R. Prof'l Conduct and 28 U.S.C. § 1927. (Dkt. 63).

## DISCUSSION

       Defendant seeks attorney fees and costs sanctions based on 28 U.S.C. § 1927 and Fla. R. Prof'l Conduct 4-1.8. Rule 4-1.8(i) provides in relevant part: "A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may: (1) acquire a lien granted by law to secure the lawyer's

CASE NO. 8:03-CV-1710-T-17MSS

fee or expenses; and (2) contract with a client for a reasonable contingent fee." Plaintiffs have submitted an affidavit and a copy of the contract between Macort and the law firm representing her in opposition to Budget Inn's motion.

Pursuant to 28 U.S.C. § 1927, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

"For sanctions under section 1927 to be appropriate, something more than a lack of merit is required." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Instead, "the statute was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith,'" but not by conduct constituting mere negligence. *Id.* Bad faith exists "where an attorney knowingly or recklessly pursues a frivolous claim." *Id.*

Upon remand from the Eleventh Circuit, this Court, "must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions . . . as are deemed appropriate." (Citing to the Eleventh Circuit's opinion on page 10). Determining whether Plaintiffs' attorney conduct constitutes bad faith, or whether he multiplied the proceedings requires further analysis of the conduct of Plaintiffs' attorney. Defendant argues that Plaintiffs' attorney did not conduct a pre-suit investigation before filing suit, and the claim was a frivolous suit and a deliberate fraudulent filing. In response to Defendant's motion, Plaintiffs assert that they had an expert visit the property to confirm the Plaintiffs' allegations of barriers to access. The Court finds that more specific information is necessary to analyze whether the conduct of Plaintiffs' attorney constituted "bad faith" or was in violation of Rule 4-1.8 of the Fla. R. Prof'l Conduct. Thus, an evidentiary hearing is necessary to determine the details of any proprietary interest that may have been acquired, and the pre-suit investigation conducted by Plaintiffs' attorney. Accordingly, it is

CASE NO. 8:03-CV-1710-T-17MSS

**ORDERED** that the Defendants' Motion For Fees and Costs/Sanctions (Dkt. 18) and Renewed Motion For Fees and Costs/Sanctions (Dkt. 28) be **REFERRED** to the assigned Magistrate Judge to hold an evidentiary hearing on this matter and issue a report and recommendation.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 30th day of June, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record
Assigned Magistrate Judge