UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**COLLEEN MACORT and ACCESS NOW, INC.,**

**Plaintiffs-Appellees,**

**v.**

**Case No. 8:03-cv-1710-T-17MSS**

**PREM, INC.,**

**Defendant-Appellant.**

______________________________________/

## REPORT AND RECOMMENDATION

**This matter** comes before the Court on remand from the Eleventh Circuit for reconsideration of Defendant's motion for fees, costs and sanctions against Plaintiff's attorneys for allegedly engaging in vexatious litigation in violation of 28 USC §1927 and for violating Fla. R. Professional Conduct R. 4-1.8. Specifically, the Court ruled that the District Court abused its discretion in denying Defendant's motion to set aside Plaintiff's motion to dismiss without affording Defendant a reasonable opportunity to respond to it and failing to consider the intervening demand for fees and sanctions filed by Defendant. The Eleventh Circuit directed the District Court to "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." (Dkt. 63 at 10, citing Potenberg v. Boston Scientific Corp., 252 F.3d 1253, 1256 (11th Cir. 2001)). Notably, however, the Eleventh Circuit affirmed the District Court's original finding that Defendant's claim brought pursuant to Fed. R. Civ. P. 11 was barred for failure to preserve the claim in accordance with the requirements of the Rule. (Dkt. 63 at 13). Hence, the cited rules of law, Rule 4-1.8

and § 1927, serve as the only viable bases for fees and sanctions, and each will be addressed in turn.[1]

**Rule 4-1.8(I)**

_____Rule 4-1.8(I) is a Rule of Professional Conduct prohibiting, with noted exceptions, an attorney from acquiring a proprietary interest in a cause of action or subject matter of litigation the lawyer is conducting for a client. While the order remanding the case for further consideration cited this rule, which had been relied on by Defendant at the initial trial level and on appeal, Defendant's counsel conceded at the hearing held by this Court on remand that the rule provides no form of relief to a third party not part of the attorney-client relationship and creates no cause of action for any party that is cognizable in a federal court for a proven violation. Rather, the Rule provides as its sole remedy the filing of a grievance against an offending lawyer. Fla. R. Prof'l Conduct R. 4-1.8.

Defendant's counsel, curiously, has filed such a grievance against the attorney with the least involvement in this case and has offered no evidence that he or his firm had any improper proprietary interest in the actions before this Court. The principal purpose of the "grievance" appears on its face to be a challenge to the practice area in which counsel practice generally and to challenge the fact that by law Plaintiffs are permitted to pursue persons such as Defendant for alleged violations of the ADA without pre-suit notice, which fortunately or unfortunately, is not a prerequisite to suit under the statute. Because Defendant has pointed to no authority, and the Court cannot find any, that would permit the Court to impose fees or sanctions against counsel for an alleged violation of this Rule of Professional Conduct, the Court recommends that any demand for fees or sanctions that

[1] This matter was referred to the Undersigned to hold an evidentiary hearing and to issue a Report and Recommendation in accordance with 28 U.S.C. § 636 (Dkt. 82).

is so based be **DENIED**.

**Title 28 United States Code Section 1927**

**Relevant Law**

Defendant's alternative basis for relief is Title 28 U.S.C. § 1927, which reads in pertinent part:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

Construing this provision in Peterson v. BMI Refractories, 124 F.3d 1386 (11th Cir. 1997), the Eleventh Circuit recognized "this circuit's longstanding rule that the provisions of § 1927, being penal in nature, must be strictly construed." Peterson at 1395 (internal citations omitted). The Court further explained that:

> [T]he plain statutory language makes clear, § 1927 is not a "catch-all" provision for sanctioning objectionable conduct by counsel. Under the plain language of the statute, three essential requirements must be satisfied with respect to an award of sanctions under § 1927. **First,** the attorney must engage in "unreasonable and vexatious" conduct. **Second**, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." **Finally**, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.,* the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Id. at 1396 (emphasis added).

In Peterson, the Court found it unnecessary to decide if the behavior at issue was unreasonable and vexatious because a prerequisite to imposition of sanctions under § 1927 is multiplication of the proceedings, which had not occurred in Peterson. Thus, the Court stated, "In order for § 1927 to be applicable, there must be a causal connection between the objectionable conduct of counsel and multiplication of the proceedings. Under

the plain statutory language, objectionable conduct - is not sanctionable unless it results in proceedings that would not have been conducted otherwise." Peterson at 1396. The Court concluded that no such causal link existed in Peterson.

In Jerelds v. City of Orlando, 194 F. Supp. 2d 1305 (2002)(Presnell, J.), a District Court again reiterated that the Eleventh Circuit has rarely addressed this issue and noted in addition that decisions from other circuits are not in agreement on the governing principles. However, the Court reasoned, "While the Eleventh Circuit has not specifically required a finding of subjective bad faith, it has stated that § 1927 allows district courts to assess attorney's fees against counsel and law firms who willfully abuse the judicial process by 'conduct *tantamount* to bad faith.'" Jerelds at 1314-1315 (citing Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991).

In Home Design Services, Inc. v. Hibiscus Homes of Florida, Inc., 2005 WL 2465020 (October 6, 2005)(Fawsett, J.), the Court addressed §1927 concluding that:

> The word "vexatious" is not defined in the statute. In such circumstances, courts typically read statutory terms to convey their ordinary meaning . . . . Black's Law Dictionary defines the term "vexatious" to mean "without reasonable or probable cause or excuse; harassing; annoying" . . . while the purpose of Section 1927 is to deter frivolous litigation and abusive practices by litigants, the Court's "power to impose sanctions under Section 1927 should be exercised 'only in instances of a serious and studied disregard for the orderly process of justice.'"

Home Design Services at *8 (citing Jerelds at 1312). The Court declined to impose sanctions in Home Design Services, noting that "something more than lack of merit is due for § 1927 sanctions or they would be due in every case . . . . This is not a case where 'examples of . . . counsel's bad faith and willful abuse of the judicial process abound' . . . Although Plaintiff may have exhibited poor judgment in its zeal to prosecute these claims, its conduct does not amount to the level of bad faith contemplated by Section 1927." Id.

(citing Jeralds, 194 F. Supp. 2d at 1313).

Consistent with this Court's directive, the Undersigned held a hearing permitting the parties to offer any evidence relevant to support or defend a claimed violation of this rule. Each offered the testimony of Plaintiff's counsel, Gene Zweben and Gregory Schwartz. Although Plaintiff was present neither Defendant nor Plaintiff called her to testify. No other witnesses testified. Each party additionally offered documentary evidence. Having considered that evidence and argument of counsel, and being otherwise fully advised, the Undersigned makes the following findings of fact.

**Findings of Fact**

1. Plaintiff, Colleen Macort ("Macort"), met attorneys from the law firm of Schwartz, Zweben & Associates ("Schwartz, Zweben") in July 2002, when she was attending a Ms. Wheelchair pageant and the attorneys were hosting a seminar on the rights of the disabled at the same hotel. There the attorneys encouraged the seminar attendees, including Macort, to call them if they encountered noncompliance issues at public accommodations. Macort began calling the firm, Schwartz, Zweben, in 2003 when she believed she encountered such problems.

2. Macort is disabled and uses a wheelchair. She has become a "professional Plaintiff," permitting her name to be used to pursue ADA compliance litigation throughout the state of Florida and elsewhere.

3. Macort has never received compensation from her counsel for the filing of lawsuits other than what may have been awarded by the Court or paid in settlement by various defendants, the value of which is not in evidence in this case.

4. In this case, Schwartz, Zweben filed suit on Macort's behalf against Prem, Inc. (d/b/a Budget Inn) for failure to comply with the Americans with Disabilities Act (the

"ADA"). Macort claimed she was planning to move from Bradenton, Florida to Hebron, Indiana and wanted to find a hotel in which she could stay when she returned to Bradenton to visit her family. Macort claimed that Defendant's property, a Budget Inn located on North Tamiami Trail, was not in compliance with the ADA because there was no accessible parking; the front door did not have a proper level landing; the service counter was too high; and, that there were no accessible rooms. Macort further alleged that she desired to and intended to visit Budget Inn but could not because of the alleged ADA violations.

5. Macort reported her concerns to counsel. Because Macort worked as a contract employee for an expert in the field of ADA compliance, Plaintiff's counsel accepted Plaintiff's perception of the problems at the hotel at face value without independent verification before the suit was filed.

6. On the basis of Plaintiff's statement, counsel filed suit on Macort's behalf requesting that the District Court find Budget Inn was in violation of the ADA, issue an injunction ordering Budget Inn to make its facilities ADA complaint and direct Budget Inn to pay Plaintiff's reasonable attorney's fees, costs and other expenses.

7. Subsequent to the filing of the suit and before Plaintiff's deposition, Plaintiff's counsel obtained an expert report which, on its face, confirmed the allegations that Plaintiff made about the Defendant's property.[2]

8. Macort submitted to deposition on April 15, 2004. During her deposition, Macort was unable to discuss any specifics regarding her trip to Budget Inn and admitted

[2] Defendant objected to the admission of the report as hearsay. The objection was overruled. The report is not being considered for the truth of its contents, but only as proof that it was available to Plaintiff's counsel and was consistent with what Plaintiff had conveyed to them prompting the filing of the lawsuit.

that she had stayed with her parents rather than at a hotel while in Bradenton for her deposition.

9. On May 12, 2004, Defendant filed a motion to dismiss on the grounds that Macort had no need or plans to stay at any hotel, no independent knowledge about Budget Inn, and no continuing connection to Budget Inn and thus, lacked standing to sue, specifically stating:

> Where as here the circumstances are so apparently contrived, there is no bona fide case or controversy. Other than a return to Florida for her ADA lawsuit in which her expenses were all paid for by her lawyer, Plaintiff, Macort has failed to even attempt to visit Budget Inn, much less the Bradenton-Sarasota area, since the alleged visit sometime before June 14, 2003, when she moved from Florida to Indiana. (Dkt. 17 at 11).

10. Also on May 12, Budget Inn filed a motion for fees and sanctions pursuant to Fla. R. Prof'l Conduct R. 4-1.8, Fed. R. Civ. P. 11, and 28 U.S.C § 1927. (Dkt. 18).

11. Simultaneously, and with no knowledge of Defendant's motion to dismiss, Macort notified her counsel on May 12, 2004, that due to a change in circumstances, she was moving back to Florida and would not require the use of a hotel.

12. Upon learning this, on May 13, 2004, Mr. Bradley Johnson of Schwartz, Zweben immediately notified Defense counsel of Plaintiff's intent to dismiss the case. Mr. Johnson directed Mr. Zweben to prepare to file the motion to dismiss.

13. Plaintiff first received notice of Defendant's Motion for Fees/Sanctions on Monday, May 17, 2004.

14. Upon receipt of the Motion, Plaintiff sent a proposed stipulation for dismissal to defense counsel by fax and US mail on Tuesday, May 18, 2005, asking for a response by the close of business on May 19, 2004.

15. When Defendant's counsel failed to respond, Plaintiff filed the Notice of/Motion for

Dismissal with Prejudice on May 20, 2004. The District Court granted Plaintiff's motion and dismissed the case with prejudice and ordered each side bear its own costs and fees.

16. On May 25, 2004, Defendant's counsel notified Plaintiff that she intended to seek attorney's fees and costs in this matter, but would settle for $20,000. On May 25, 2004, Plaintiff's counsel rejected Defendant's demands. The same day Defendant's counsel renewed the Motion for Fees and Costs/Sanctions. It is unclear how Defendant could have incurred $20,000 in fees and costs in the limited time the action had been pending.

17. Prior to Plaintiff's notice of voluntary dismissal, the entire docket in the case consisted of 26 entries, included among them were only routine entries such as the complaint itself, the return of service, the Court's scheduling order, the parties' case management report, the Clerk's case designation entry and Defendant's answer and affirmative defenses.

18. The discovery undertaken in the case consisted of Standard Rule 26 disclosures, Plaintiff's expert disclosures and Plaintiff's deposition, as well as Plaintiff's limited written discovery served on, but not responded to, by Defendant.

19. Since the Court's dismissal of the action, pursuant to Plaintiff's motion, the docket has bulged to over 95 entries, consisting almost entirely of motions filed by Defense counsel, including motions to strike pleadings, a motion for recusal, motions to compel, the renewed motion for fees and sanctions etc.

20. Defendant offered no evidence that the filings by Plaintiff prior to voluntarily dismissing the action multiplied to any extent the proceedings in this case.

21. Defendant has not been involved in directing the case or any of its proceedings,

since the filing of the notice of appeal by Defendant's counsel.

22. Defendant is so far removed from these proceedings that Defense counsel could not remember her client representative's name.

23. While the parties stipulated that the amount of fees and costs incurred would be reserved for consideration if and when an order directed the payment of such costs and fees, Defendant offered no evidence that the alleged vexatious proceedings, in fact, required the Defendant to incur any costs or fees or caused aggravation, frustration or loss to the Defendant. Defendant was not even aware of the hearing and did not testify or participate.

24. Defendant's counsel offered additional collateral evidence of the number of lawsuits that Plaintiff's counsel have filed against other Defendants asserting the same theory of liability. On this evidence it can be surmised that as of March 19, 2004, Plaintiff has caused to be filed 57 cases in the Middle District of Florida and 58 cases in the Southern District of Florida. Further, both Macort and Access Now, another of counsel's clients, together have filed 308 cases in the Southern District of Florida as of August 27, 2003.

25. Defendant offered no evidence from which the Court can determine whether any, most or all of those filings have been meritorious or frivolous. In fact, in the written opinions to which counsel refers the Court, Plaintiffs represented by Schwartz, Zweben have been prevailing parties as the issue presented in those reported cases is whether counsel's fee demands made after favorable judgment exceed the value of services rendered. See, e.g., Macort v. Checker Drive-In Restaurants, 2005 WL 332422 (January 28, 2005) (Moody, J.) (citing Rodriguez v. Investco, L.L.C.,

305 F. Supp. 2d 1278, 1282 n.14 (M.D. Fla. 2004)).[3]

**Discussion**

Applying the relevant law as set forth above to these facts, Defendant's motion for sanctions under § 1927 fails. To be sure, Defendant's counsel is justified in her incredulity at the matter in which this case was first pursued by Plaintiff against her client. Further, she is within her right to disagree about the wisdom of the statutory scheme under which these type lawsuits are pursued without affording the offending Defendant one last opportunity to cure. Truth be told, however, the ADA has been in existence and its requirements and consequences of non-compliance have been clearly within the constructive knowledge of all retail and hospitality proprietors since its promulgation in 1990. Additionally, Defense counsel is within her right to be offended by the cottage legal industry that has been spawned by this legislative scheme. In fact, she admitted at the hearing that initially she did not know whether to try to "beat them or join them" (referring to the practice of pursuing these claims), given the apparent lucrative nature of this area of practice. The efficacy of this legislation and its method of enforcement through private litigation or the effrontery of lawyers who have seized this opportunity for substantial pecuniary gain are not the issues before this Court, however. In fact, Defense counsel, in her zeal to challenge this practice area, has described it hyperbolically as " behavior by malevolent marauders and pirates of the southeast, masquerading as attorneys" (Dkt. 18 at 9, ¶ 34) in an "omnivorous quest

---

[3] To the extent that Defense counsel was by her general submission inviting the Court to conduct an independent evaluation of each of the cited cases, going through the records on file in the various courts to determine whether in the Court's view the cases were frivolous, that invitation is declined.

for fees . . . ." (Dkt. 18 at 8, ¶ 29).[4] What she has lost sight of completely however is that the sole question presented here is whether counsel's actions in this case were vexatious and so multiplied the proceedings at bar to the detriment of Defendant that they should be sanctioned by this Court under 28 U.S.C. § 1927.

As explained above, in Peterson, the Eleventh Circuit recognized "this circuit's longstanding rule that the provisions of Section 1927, being penal in nature, must be strictly construed." Peterson v. BMI Refractories, 124 F.3d 1386,1395 (11th Cir. 1997). Section 1927 is neither a catch-all for all offensive conduct in litigation nor a general tool to defeat the common law notion that absent contractual agreement or specific statutory pronouncement each party bears its own fees and costs in defending and prosecuting a case. See generally Buckhannon Bd. and Care Home, Inc. v. West, 532 U.S. 598, 121 S.Ct. 1835 (2001)(discussing the common law notion that absent contractual agreement or specific statutory pronouncement each party bears its own fees and costs in defending and prosecuting a case). Nor is it an available end run around the statutory prerequisites for seeking sanctions for a Rule 11 violation, with which the defendant in this case failed to comply. As the Courts have made clear, a party seeking relief from conduct punishable under § 1927 must meet all three of the prerequisites of the statute. Failing to satisfy one of them is fatal to the motion. Defendant has failed to meet even one of the requirements on the evidence presented.

**1. Defendant's counsel has failed to prove that Plaintiff's counsel engaged in "unreasonable and vexatious" conduct.**

First, Plaintiff has offered no evidence from which this Court can conclude that

[4] Gratuitously inflammatory language in a motion is neither beneficial to the Court nor professional.

Plaintiff's counsels' actions in this case were unreasonable or vexatious. Giving those words their plain meaning, as noted in Home Design Services, would require Defendant to show that Plaintiff's counsel's actions were annoying and harassing, calling to mind protracted and costly discovery (Malaueta v. Suzuki Motor Co., 987 F.2d 1536, 1544-45 (11th Cir. 1993)), unprofessional and disruptive behavior during depositions (Unique Concepts , Inc. v. Brown, 115 F.R.D. 292, 293-294 (S.D.N.Y. 1987) (internal citations omitted)), failure to comply with the letter and spirit of the discovery rules (Manville Sales Corp. v. Paramount Systems, Inc., 1988 WL 3855 (E.D. Pa. 1988)), and the like. In fact, Plaintiff's counsel filed a single pleading the complaint, served limited written discovery, complied without motion to Rule 26 disclosures and dismissed the action within a month of Plaintiff's unfavorable deposition testimony, which, from the evidence presented, is the first knowledge counsel would have had concerning the *bona fides* of Plaintiff's allegations. Whether prompted by Plaintiff's claimed decision to relocate to Florida, which would have undermined her legal standing, or the unfavorable deposition testimony, counsel acted with haste to dismiss the action, placing no further burden on Defendant.

Thus, Defendant's annoyance with Plaintiff's pursuit of this claim can only be in the filing of the claim the first instance. That challenge is foreclosed, however, by Defendant's failure to follow the procedures set forth in Rule 11. See DeShiro & Landon v. Branch, 183 F.R.D. 281, 286-288 (M.D. Fla. 1998). Rule 11 provides the mechanism for addressing the failure of counsel to evaluate properly a claim before filing suit. The Court can conceive of limited circumstances in which both proscriptions, Rule 11 and § 1927, might provide a basis for relief, such as when counsel faced with a legitimate Rule 11 proffer continues to persist in an ill advised prosecution and thereby "unnecessarily and vexatiously" multiplies proceedings. In this regard, Defense counsel is probably accurate in her assessment that

on the basis of Macort's deposition testimony it is unlikely that she ever visited Budget Inn prior to instituting this suit or intended to seek accommodation there. She was not able to answer even the simplest questions concerning the layout of the hotel or its lobby, etc. Defendant, however, has failed to establish that Plaintiff's counsel knew that Macort had not been to the hotel or had reason to know she had not been there. In fact, in his report, Plaintiff's expert confirmed the allegations that served as the basis for this lawsuit. Even if it could be shown that a more thorough pre-suit investigation would have disclosed that Macort had not been to the hotel or had no intention of going there, where, as here, counsel dismissed the action as soon as it became aware of the inadvisability of proceeding, sanctions would not be warranted under the first prong of § 1927.

2. **Defendant failed to show that Plaintiff's counsel engaged "unreasonable and vexatious" that "multiplied the proceedings."**

Plaintiff likewise cannot establish on this evidence that Plaintiff's counsel unnecessarily multiplied the proceedings. This prong of the rule clearly contemplates actions that result in voluminous filings, extensive abuse of process, numerous motions, unnecessary hearings, etc.

______As noted above, no evidence was offered to satisfy this element. Plaintiff's counsel filed only bare minimal pleadings, provided initial disclosure as required, served written interrogatories and a first request for production of documents but took no oral discovery of Defendant, offered the Plaintiff for deposition without Court intervention and then dismissed the case. The multiplication of proceedings is attributable solely to Defendant's counsel, who legitimately sought appellate review and then on remand, apparently unbeknownst to her client, filed numerous motions and attempted to engage in additional substantive discovery. Again, without proof of multiplication of proceedings by Plaintiff's

counsel a demand for sanctions against them under § 1927 must be denied. Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997)

It appears that counsel seeks alternatively to satisfy this prong by introducing evidence that Plaintiff's counsel have filed numerous lawsuits in Florida and elsewhere. As noted, Defendant's counsel offered evidence of counsel's prolific filings in Florida, totaling more than 300 cases in about a four-year time span from 2000 through 2004. In support of this suggested basis for § 1927 sanctions, Defendant's counsel was unable to cite to specific cases in which § 1927 was used to reach multiple filings in multiple fora. Even if the Court were inclined to consider other cases filed by Plaintiff's counsel as a basis for levying § 1927 sanctions in the case *sub judice*, evidence to support such a finding was not produced on this record.

Specifically, no evidence was offered that any prior filings by Plaintiff's counsel or Plaintiff have been found to be baseless or frivolous. As noted, in the cited exemplars where Plaintiff's counsel have been criticized by the Courts, it has been in relation to the size of their fee demands that necessarily are sought as the prevailing party. See, e.g., Macort v. Checker Drive-In Restaurants, 2005 WL 332422 (January 28, 2005) (Moody, J.) (citing Rodriguez v. Investco, L.L.C., 305 F. Supp. 2d 1278, 1282 n.14 (M.D. Fla. 2004)). Finally, even if this Court could find, which it cannot, that Plaintiff's counsel somehow abused the judicial process by filing multiple suits against multiple parties for alleged violations of the ADA, such abuse would not warrant the imposition of sanctions under § 1927 inuring to the benefit of this Defendant or its counsel, who have not been affected in any way by activity occurring in other cases and in other courts.

**3. Defendant has failed to offer any evidence from which this Court could assess whether any attorneys' fees, or costs or inconvenience has been due to sanctionable conduct by Plaintiff's counsel.**

For this same reason, Defendant cannot meet the third prong of a § 1927 motion. Defendant's counsel has failed to offer any evidence from which this Court could assess sanctions "bear[ing] a financial nexus to excess proceedings. . . and attorneys' fees reasonably incurred because of such conduct." Peterson at 1396. Counsel for both parties stipulated in advance of the evidentiary hearing that the amount of any sanction award could be decided after the Court decided whether to award sanctions at all. This agreement was not sanctioned by the Court, and, moreover, it would not relieve Defendant of the duty to show generally that the client had, as a result of Plaintiff's actions, incurred some additional fee, or cost or had to forego some financial opportunity by the required defense of the allegedly unreasonably vexatious litigation. See Norelus v. Denny's Inc., 2000 WL 33541630 (S.D. Fla. 2000) (citing Holmes v. City of Massillon, 78 F.3d 1041, 1049 (6th Cir. 1996) for the proposition that § 1927 sanctions are warranted "when an attorney has engaged in behavior . . . which, as a result causes additional expense to the opposing party").

As noted, there is no proof of excess proceedings in this matter. The costs and fees occasioned by the conduct of Plaintiff's counsel could only be associated with the initial filing and very limited proceedings thereafter. The only additional costs and fees that could be claimed are those associated with the appeal and post-appeal motions, which were driven by Defendant's own counsel. The client, in fact, has apparently not been made aware of the continuation of these proceedings since the Eleventh Circuit decision rendered on April 27, 2005. Additionally, counsel offered no evidence of the client's aggravation, loss of income, or other loss occasioned by the defending of this action.

Apparently, it has incurred none. Thus, Defendant likewise cannot satisfy the third prong of the test.

**Conclusion**

Accordingly, for the reasons set forth above, the Undersigned reports and recommends that Defendant's Motion for Fees and Sanctions (Dkts. 18 and 28) be **DENIED** and that the parties bear their own costs and fees for the bringing and defending of the motions.

**RESPECTFULLY RECOMMENDED** on this 16th day of December 2005.

MARY S. SCRIVEN
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).