UNITED STATES DISTRIT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLLEEN MACORT and
ACCESS NOW, INC., a
Florida not-for-profit corporation,

        Plaintiffs,

vs.                                                         CASE NO: 8:03-CV-1710-T-17-MSS

PREM, INC., a Florida corporation, d/b/a
BUDGET INN OF SARASOTA,

        Defendant.
_____/

**ORDER**

      This cause is before the Court on Defendant's, PREM, INC. d/b/a BUDGET INN OF SARASOTA, (Budget Inn), Objections to Magistrate's Report and Recommendation (Dkt. 102). Also before this Court is the Plaintiff's, COLLEEN MACORT and ACCESS NOW, INC., (Plaintiff), opposition thereto. (Dkt. 103).

**PROCEDURAL BACKGROUND**

    Although this Court adopts the Magistrate Judge's report and recommendation, a summary of the facts and issues in the case is presented for the benefit of the reader. On or about August 12, 2003, Plaintiff, a disabled adult confined to a wheelchair, filed a complaint against the Defendant for failure to comply with the American with Disabilities Act (ADA). (Dkt. 1). Plaintiff's suit was premised on her desire to find a hotel in Bradenton, Florida where she could stay when coming to visit her family. Plaintiff alleged that when she visited the Defendant's property it was not in compliance with the ADA because there was no accessible parking, the front door did not have a proper level landing, the service counter was too high, and there were no accessible

CASE NO: 8:03-CV-1710-T-17-MSS

rooms. Plaintiff requested that the District Court grant injunctive relief ordering Defendant to make its facilities ADA compliant and to pay Plaintiff's reasonable attorney's fees and costs.

On May 12, 2004, Defendant filed a motion to dismiss alleging that Plaintiff lacked standing to sue Defendant because she had no plans to stay at the hotel and had no independent knowledge of the hotel. (Dkt. 17). Additionally on May 12, Defendant filed a motion for fees and sanctions pursuant to Fla. R. Prof'l Conduct R. 4-1.8, Fed. R. Civ. P. 11, and 28 U.S.C. § 1927. (Dkt. 18). Almost simultaneously, but with no knowledge of Defendant's motion, Plaintiff informed her counsel of her intent to dismiss the case because she would no longer need a hotel to stay in Bradenton, as she would be permanently residing in Florida. Plaintiff filed a Notice of/Motion for Dismissal with Prejudice on May 20, 2004, (Dkt. 25), and this Court, on May 24, 2004, granted the Plaintiff's motion and ordered that each side bear its own fees and costs. (Dkt. 26).

Defendant filed a Motion to Vacate/Set Aside Final Order (Dkt. 27) and a renewed motion for Fees and Costs/Sanctions. (Dkt. 28). This Court denied Defendant's Motion and Defendant appealed (Dkt. 44) to the Eleventh Circuit on September 24, 2004. The Eleventh Circuit affirmed, in part, and reversed, in part, remanding the issue of Defendant's Motion for Fees and Costs/Sanctions for reconsideration on its claims based on Fla. R. Prof'l Conduct and 28 U.S.C. § 1927. (Dkt. 63).

This Court, under authority of 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 6.02, Local Rules of the Middle District of Florida, referred the motion to the Honorable Mary S. Scriven, United States Magistrate Judge, by Order of Referral dated June 30, 2005 (Dkt. 82). After considering the parties' submissions and oral arguments, Judge Scriven, on December 16, 2005, filed a report and recommendation (R&R) (Dkt. 99) wherein she recommends that the Court deny the Defendant's Motion for Fees and Sanctions. On December 27, 2005, Defendant filed its Objections to Magistrate's Report and Recommendation (Defendant's Objections) (Dkt. 102). After reviewing Judge Scriven's findings in light of Defendant's Objections, this Court adopts the Magistrate Judge's report and recommendation.

CASE NO: 8:03-CV-1710-T-17-MSS

## STANDARD OF REVIEW

Under the Federal Magistrate's Act, Congress vested Article III judges with the power to authorize a United States Magistrate Judge to conduct evidentiary hearings. The relevant portion of this act is found at 28 U.S.C. § 636. A district court judge may designate a U.S. Magistrate Judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations for the disposition of motions for injunctive relief. 28 U.S.C. § 636(b)(1)(B). Within ten days after being served with a copy of the Report and Recommendation, any party may file written objections to the proposed findings and recommendations. *Id.* Section 636(b)(1) also states that a judge of the court shall make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1).

In *U.S. v. Raddatz,* 447 U.S. 667 (1980), the Court upheld the constitutionality of this provision of the Act. The Court found that Congress adequately protected the Act against an Article III constitutional challenge by subjecting the Magistrate Judge's proposed findings and recommendations to a *de novo* determination by the judge, who then exercises ultimate authority to issue an appropriate order. 447 U.S. at 681-82. In *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507, 512 (11th Cir.1990), the court stated that the *de novo* review requirement is essential to the constitutionality of section 636. The court further stated that section 636(b)(1)'s nonconsensual reference is saved from constitutional infirmity by the retention in the Article III judge of the ultimate adjudicatory power, to be exercised after assistance from and upon the recommendation of the Magistrate Judge. *Id.* at 512-13 (citing *Hall v. Sharpe,* 812 F.2d 644, 647 (11th Cir.1987)). Accordingly, the *de novo* review is based on a realization that only the district court judge can constitutionally dispose of a matter such as that in the instant case.

CASE NO: 8:03-CV-1710-T-17-MSS

Rule 72 of the Federal Rules of Civil Procedure places into practice the powers codified in 28 U.S.C. § 636(b)(1). Rule 72 follows the statutory example and sets forth different provisions for the two types of pretrial matters that can be referred to a Magistrate Judge. The first provision under § 636(b)(1)(A) states in part that a judge may designate a Magistrate Judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief. Rule 72(a) refers to the type a pretrial matter set out in § 636(b)(1)(A) as one that is not dispositive of a claim or defense.

The second provision, under § 636(b)(1)(B), states in part that a judge may designate a Magistrate Judge to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations for disposition, by a judge, of any motion excepted in subparagraph (A). Thus, subparagraph (B) applies to injunctive relief. Subparagraph (B) also allows any party, within 10 days, to file written objections to such proposed findings and recommendations. Additionally, § 636(b)(1) states that a judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Rule 72(b) describes those matters that are excepted in § 636(b)(1)(A) as ones that are dispositive of a claim or defense.

Since injunctive relief is excepted from § 636(b)(1)(A), it is dispositive and a Report and Recommendation submitted by a Magistrate Judge is subject to *de novo* review by the district judge. This part of Rule 72 also reiterates the need for a timely objection and a *de novo* determination upon the record. Thus, the Magistrate Judge's Report and Recommendation in the instant case is reviewed *de novo* by the district judge who must then accept it, reject it, or modify it, in whole or in part.

The issue of whether the same *de novo* standard of review is applicable has been addressed by courts in the Eleventh Circuit. In *LoConte v. Dugger,* 847 F.2d 745 (11th Cir.1988), the court addressed the issue of what standard of review the appellate court would use in reviewing the district court's adoption of a Magistrate Judge's Report and Recommendation. In doing so, the court examined what standard of review the district court was required to use in its review. The court in *LoConte* found that there are three

CASE NO: 8:03-CV-1710-T-17-MSS

different categories of findings reviewable on appeal: (1) findings of fact made by the Magistrate Judge to which the parties did not object; (2) findings of fact made by the Magistrate Judge to which the parties did object with the objections being resolved *de novo* by the district court; and (3) independent findings of fact made by the district court. *Id.* at 749. In reference to the findings stated in category (2), the *LoConte* court also stated that: Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue. (citations omitted). *Id.* at 751. *De novo* review requires that the district court's consideration of the factual issue be independent and based upon the record before the court. It is clear that findings by the Magistrate Judge, to which the parties have made timely objections, are subject to *de novo* review by the district court judge.

When no objections are made to the Magistrate Judge's Report and Recommendation, the case law seems to indicate that the district court should review the findings using the same clearly erroneous standard of review that an appellate court must use when reviewing the district court's findings. In *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. Unit B 1982) (en banc), the court stated that if no objections are filed, the judge may accept, reject, or modify, in whole or in part, the findings and recommendations. The *Nettles* court further states that it is arguable that, when no objections are filed, the parties have accepted the Magistrate Judge's report and have consented to the recommendations. Id. Although this Court finds no cases that explicitly state the clearly erroneous standard applies to non-objected to findings by the Magistrate Judge, or additional findings by the district court judge, this Court holds that to be the standard of review.

CASE NO: 8:03-CV-1710-T-17-MSS

## ANALYSIS

The Magistrate Judge, on remand from the Eleventh Circuit, conducted an evidentiary hearing during which she reconsidered Defendant's motion for fees, costs, and sanctions against Plaintiff's attorney for allegedly engaging in vexatious litigation in violation of 28 U.S.C. § 1927 and for violating Fla. R. Professional Conduct R. 4-1.8.

### Rule 4-1.8(l)

Rule 4-1.8 is a Rule of Professional Conduct that prohibits, with noted exceptions, an attorney from acquiring a proprietary interest in a cause of action or subject matter of litigation that the lawyer is conducting for a client. During the hearing, Defendant's counsel conceded that Rule 4-1.8(l) provides no relief to a third party not part of the attorney-client relationship and, thus, creates no cause of action for Defendant other than the remedy of filing a grievance against an offending lawyer. Fla. R. Prof'l Conduct R. 4-18(l). In this case, the Magistrate Judge found that the Defendant has not provided any authority which would permit the Court to impose fees or sanctions against counsel for an alleged violation of this Rule of Professional Conduct and, therefore, that any demand for fees or sanctions that is so based, be denied.

### Title 28 United States Code Section 1927

In *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1995), the court recognized that § 1927 is not a "catch-all" provision for sanctioning objectionable conduct by counsel. The court stated:

> Under the plain language of the statute, three essential requirements must be satisfied with respect to an award of sanctions under § 1927. First, the attorney must engage in "unreasonable and vexatious conduct." Second, "that unreasonable and vexatious conduct" must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction

6

CASE NO: 8:03-CV-1710-T-17-MSS

> must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Id.* at 1396.

In *Home Design Services, Inc. v. Hibiscus Homes of Florida, Inc.*, 2005 WL 2465020 at *8 (October 6, 2005)(Fawsett, J.), the court reasoned that its "power to impose sanctions under Section 1927 should be exercised only in instances of serious and studied disregard for the orderly process of justice." The Magistrate determined that Defendant's counsel offered no evidence from which the Court can conclude that Plaintiff's counsel's actions in this case were unreasonable or vexatious, or that counsel's conduct multiplied the proceedings. (Dkt. 99, p.12) The Magistrate Judge noted that Plaintiff's counsel only filed one pleading, the complaint, served limited written discovery, and complied without motion to Rule 26 disclosures and dismissed the action within a month of Plaintiff's unfavorable deposition testimony. (Dkt. 99, p.12).

Furthermore, the Magistrate Judge noted that "the multiplication of the proceedings is attributable solely to Defendant's counsel, who legitimately sought appellate review and then on remand, … filed numerous motions and attempted to engage in additional substantive discovery." (Dkt. 99, p.13). Finally, the Magistrate found that the Defendant's counsel has failed to offer evidence from which the Court could assess sanctions because the costs and fees occasioned by Plaintiff's conduct could only be associated with the initial complaint and very limited proceedings thereafter. The Court noted that any additional costs are those associated with the appeal and post-appeal, which were initiated by Defendant's counsel. Therefore, the Magistrate determined that the Defendant did not satisfy any prerequisites under 28 U.S.C. § 1927.

CASE NO: 8:03-CV-1710-T-17-MSS

<u>Defendant's Objections</u>

Pursuant to Rule 72(b), Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation. (Dkt. 102). This Court has reviewed the Defendant's argument, along with the Magistrate Judge's findings. Below is a summary of this Court's review:

> Item 1, sections (a)-(d): Defendant has not set forth any specific objections in this section but has merely recited the background of this case. Therefore, since no objection is made, this Court reviews the Magistrate's findings under a clearly erroneous standard. After such review, this Court finds that the Magistrate Judge's findings in this regard are correct and supported by the evidence.

> Item 2, subsections (a)-(o): Defendant, rather than making specific objections, has set forth facts that the Magistrate omitted from the Report and Recommendation. Accordingly, this Court reviewed those facts and analyzed whether their inclusion in the final Report and Recommendation would have warranted a different conclusion.  For the Defendant's § 1927 claim to be successful, the Plaintiff's attorney must engage in "unreasonable and vexatious conduct" that "multiplies the proceedings," and the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1995). This Court finds that including items (a)-(o) in the Magistrate's Report and Recommendation would not have resulted in a valid § 1927 claim.

> Items 3-10.) The remaining portion of Defendant's argument is nothing more than an explanation of the law on this topic. While the Defendant has obviously researched the issues and become quite knowledgeable on the case law surrounding § 1927 claims, the Defendant does **NOT** set forth any specific objections to the Magistrate Judge's findings. Thus, this Court reviews the Magistrate's findings under a clearly erroneous standard and after such review, finds that the Magistrate Judge's findings in this regard are correct and supported by the evidence.

CASE NO: 8:03-CV-1710-T-17-MSS

## CONCLUSION

The Magistrate Judge's report and recommendation is supported in the record. After a thorough review of the report and the parties' motions, this Court agrees with the Magistrate and finds that the Defendant is not eligible for attorneys fees and costs/sanctions under either Fla. R. Professional Conduct R. 4-1.8., or 28 U.S.C. § 1927. Accordingly it is,

**ORDERED** that the report and recommendation, dated December 16, 2005, be **ADOPTED** and **INCORPORATED BY REFERENCE HEREIN**, and the motions for fees and costs/sanctions, (Dkts. 18 and 28) be **DENIED** and the parties bear their own costs and fees in this action.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 13th day of April 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.

CASE NO: 8:03-CV-1710-T-17-MSS